ADELINE S. KENT, TRUSTEE, v. CELIA MELLUS ET AL.

*Mortgage foreclosure — Application of surplus—Assignment of mortgage—Good-faith holder.*

1. Where a second mortgagee appeared and answered in a suit to foreclose the first mortgage, and followed the proceedings to decree, and after a sale thereunder a third party filed a petition claiming the surplus on such sale as assignee of said second mortgage, which had been declared fraudulent as to the mortgagor in a suit to which the assignee was not made a party, in order to sustain his claim to the surplus the assignee must show that he is a *bona fide* assignee to the amount claimed upon a *valid* mortgage, or that he purchased the interest claimed in *good faith*, for *value*, and without any notice of the invalidity of the mortgage.

2. On the facts stated in the opinion, the appellant, John Galloway, is held to have had notice of the invalidity of the second mortgage, and his claim to the surplus arising on the sale of the mortgaged premises is held to have been properly rejected.

Appeal from Wayne. (Chambers, J.) Argued February 3, 1888. Decided March 2, 1888.

Appeal of John Galloway from final decree overruling his exceptions to the report of the commissioner finding against his claim to the surplus realized on the foreclosure sale in the cause. Report of commissioner affirmed. The facts are stated in the opinion.

*E. H. Sellers,* for appellant.

*E. C. Hinsdale,* for defendants Mellus and Baker.

MORSE, J. In the matter of the appeal of John Galloway from a final decree overruling his exceptions to the report of the commissioner finding against his claim to the surplus moneys realized on the foreclosure sale in the cause.

The mortgage foreclosed, and under which the sale was made, represented by the complainant, was the first mortgage upon the premises.

Baker was made a defendant as guardian of Mrs. Mellus, who was claimed to be an incompetent person at the time the foreclosure bill was filed.   Burt was also made a defendant, as he appeared of record to be the holder of a subsequent mortgage to the amount of $3,000.

The bill was filed February 16, 1886.   Burt appeared, filed an answer, and followed the proceedings until the decree of foreclosure and order of sale was obtained.   The decree was taken December 17, 1886.

The surplus upon the sale was the sum of $944.89, which was paid into the register of the court, where it now is.

May 7, 1887, John Galloway, claiming as assignee of the Burt mortgage, filed his petition in the circuit court for the county of Wayne, in chancery, averring that there was due to him on said mortgage the sum of $906.69, and praying that an order be made directing that the said sum be paid to him out of said surplus fund.

Baker also claimed the whole surplus as the guardian of Cilia Mellus.   The matter was referred to Joseph M. Weiss, a commissioner of the court, to take proofs and report the same, with his opinion thereon, to the court.   Proofs were accordingly taken and reported, the commissioner finding that said John Galloway was not entitled to said surplus, or any part thereof, and that the same should be paid over to Henry E. Baker.

Galloway filed his exceptions to the commissioner's report, which, on argument, were overruled by the court, and the finding of the commissioner sustained.

Galloway appeals to this Court.

We are satisfied that he has no standing in court, and no claim to any part of said surplus.

In order to sustain his claim to the surplus it was incumbent upon him to show—

1. That he was the *bona fide* assignee to the amount claimed upon a valid mortgage; or,—

2. That he had purchased in good faith, for value, the interest claimed by him in the mortgage, without any notice of its invalidity.

The mortgage to Burt was declared fraudulent and invalid in a suit brought by Celia Mellus against Calvin C. Burt, in the Wayne circuit court in chancery. The bill in that case was filed June 17, 1886, by Henry E. Baker, as guardian. February 24, 1887, a decree was granted canceling the mortgage, and directing a marginal reference to the decree to be entered upon the record of the mortgage. Burt appeared and filed an answer in said suit, and defended it, Galloway being sworn as a witness in his behalf.

Galloway claims that this decree does not bind him, as he was not made a party to the suit. Be that as it may, he produces no proof before the commissioner to establish the validity of the mortgage, nor can he produce the mortgage or note accompanying it. The commissioner was therefore justified in treating the mortgage void, as the court had adjudged it as between Mrs. Mellus and Burt, until some showing was made to the contrary.

The proofs further show that Galloway had notice of the invalidity of this mortgage before it was assigned to him. It seems that, at the time the mortgage and note of $3,000 were executed by Mrs. Mellus to Burt, a contract was entered into between them providing for the sale and the disposition of the proceeds of the mortgage. The mortgage was to be negotiated by Burt upon such terms and prices as he saw fit. Out of the proceeds he was to pay an alleged indebtedness from Mrs. Mellus to him, and what advances he might make to her before the sale of the mortgage, with interest at 10 per cent. He was to pay up the Kent mortgage, and all the taxes upon

the property.   He was also to have a commission of $100 for
negotiating the mortgage, and all costs of abstracts of title,
advertising, recording, insurance, and conveyancing were
also to be deducted from the proceeds of the sale.   At the
end of three years from the date of the mortgage Burt was to
pay to Mrs. Mellus, on demand, the balance due from him on
such sale.   In case the mortgage was not sold, Mrs. Mellus
agreed to pay Burt, on the thirty-first day of May, 1884, and
every year thereafter, the cash advanced by him for taxes and
insurance, together with the interest on such sums as she
might be owing to him.   If not paid within 10 days after due,
the mortgage might be foreclosed.

Galloway had notice of this contract, and claims as part of
his interest in the mortgage under his assignment the $100
commission.   Burt placed this mortgage in the hands of
Stewart & Galloway, attorneys, to be negotiated.   John
Galloway is the Galloway of said firm.   They sent the mort-
gage by another person to Barbour & Rexford for sale.   Bar-
bour & Rexford, being suspicious that the mortgage was not
all right, because of Burt's connection with it, waited upon
Mrs. Mellus, and became satisfied that she was not competent
at the time she executed the mortgage, and was not aware
that she had made it.   They thereupon refused to deliver
the note and mortgage back to Stewart & Galloway, inform-
ing them why they would not return it.   Stewart & Galloway
then brought replevin in justice's court for the papers.   It was
defended on the ground of the incompetency of Mrs. Mellus,
and the plaintiffs were defeated on that issue, and appealed
to the circuit court, where the suit is still pending.

The judgment in justice's court was rendered September
21, 1883.   The next day Galloway took an assignment of the
mortgage from Burt, but has never recorded his assignment.
June 15, 1886, he commenced a statutory foreclosure of the
mortgage in Burt's name, Stewart & Galloway appearing as
his attorneys in such foreclosure proceedings.   Galloway bid

in the premises at the sale, and obtained a sheriff's deed September 20, 1886.

It will thus be seen that he had full knowledge when he took his assignment of the mortgage of the claim that Mrs. Mellus was incompetent when she executed it, and that it was a fraud upon her.

Besides, the terms of the contract ought to have apprised him of that fact, as no one in the possession of their full senses would be apt to execute such a mortgage and contract.

There are some things a little singular about this transac-, tion. Burt defended in this suit, and also in the chancery proceeding to declare his mortgage void, and claimed to be the owner of such mortgage, Galloway acting as his attorney, in one suit at least, and also being sworn as a witness. During and before the pendency of both suits, if Galloway's claim be true, Burt had no interest in the mortgage, and Galloway had a secret assignment of it.

Under all the circumstances of the case, a court of equity has no relief for Mr. Galloway, and the decree of the court below, affirming the report of the commissioner, and awarding the surplus to Baker, will be affirmed, with the costs of both courts against Galloway.

The other Justices concurred.